UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEAGAN RIOS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BUCKET LISTERS, INC.,<br><br>　　　　　　　　　　Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Meagan Rios brings this action on behalf of herself, and all others similarly situated against Bucket Listers, Inc. ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.　For over two years, Defendant has been nickel and diming visitors of its website in violation of the New York Arts and Cultural Affairs Law § 25.07(4). Whenever a consumer selects a ticket for purchase on the website https://www.bucketlisters.com/, she is quoted a fee-less price, only to be ambushed by hefty "Fees" at the final checkout screen after clicking through the various screens required to make a purchase. This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2.　To stop this hustle, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "any licensee or other ticket reseller, or platform that facilitates the sale or resale of tickets shall disclose the <u>total cost of the ticket, inclusive of all ancillary fees</u> that must be paid in order to purchase the ticket, and disclose in a <u>clear and conspicuous manner</u> the portion of the ticket price stated in dollars that represents a service charge, or any other fee or

1

surcharge to the purchaser." *Id.* (emphasis added). "Such <u>disclosure of the total cost and fees</u> shall be displayed in the ticket listing <u>prior to the ticket being selected for purchase</u>." *Id.* (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.* "Disclosures of subtotals, fees, charges, and any other component of the total price shall not be false or misleading." N.Y. Arts & Cult. Aff. Law § 25.07(5). This latest version of the law went into effect August 29, 2022. *See* Exhibit A.

3. For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for Defendant's website, for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant. Defendant sold at least 100,000 tickets to its place of entertainment through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

5. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in the state of New York and sells tickets to events in New York through its website.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located in this District.

## PARTIES

7.      Plaintiff Meagan Rios is an individual consumer who, at all times material hereto, was a citizen and resident of Queens, New York.  Plaintiff purchased three admission tickets to Haunted Soiree: A Macabre Cocktail Party - NYC on October 2, 2023 through Defendant's website, https://www.bucketlisters.com/.  The transaction flow process she viewed on Defendant's website was substantially similar to the process depicted in Figures 1 through 9 of this complaint

8.      Defendant Bucket Listers, Inc. is a Delaware corporation with its principal place of business in New York at 477 Broadway, Floor 2, Unit 627, New York, NY 10013.  Bucket Listers, Inc. controls the operation of the Bucket Listers website, https://www.bucketlisters.com, which is a platform used to sell tickets to entertainment events taking place in the state of New York.

## RELEVANT FACTUAL ALLEGATIONS

9.      When a person visits Defendant's website, https://www.bucketlisters.com/, on the main page, she can select various entertainment events in the state of New York or filter events by those taking place in New York.  *See* Figure 1, next page.  On this front page, consumers are first advertised the cost of tickets to the various events.  *Id.*



**Figure 1**

10. Once a consumer selects an event, she is once again advertised the "starting price" of tickets to the event and given more information about the event. *See* Figures 2-4, including next page. A consumer can then select the date she would like to attend. *Id.*



**Figure 2**

4



Figure 3



Figure 4

5

11.     After a consumer selects a date, she is shown a pop-up screen where she can select the number and type of tickets.  *See* Figures 5 and 6.  On this screen, the price of the ticket is once again confirmed to the purchaser.  *Id.*



**Figure 5**                                                                                          **Figure 6**

12.     However, these are not accurate ticket prices, because they fail to disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid, in violation of New York Arts & Cultural Affairs Law § 25.07(4).  This is confirmed when a consumer clicks "Continue" on Figure 6.

13.     Once a consumer clicks "Continue" in Figure 6, she is presented with another pop-up screen that shows her a summary of her prior selection and asks her to agree to the disclaimer in the previous section.  *See* Figure 7, next page.  For the first time, after clicking through multiple screens and previously selecting her ticket for purchase, the consumer is shown

the total price of the ticket, inclusive of a previously undisclosed "Ticketing Fee" of up to 10%. *Id.* In the case shown below, the ticketing fee is $1.80 on a $20.00 ticket, or 6.9%. *Id.*



**Figure 7**

14. After the consumer clicks "Continue" on Figure 7, she is presented with a screen asking for her personal information and showing her the summary of her order again. *See* Figure 8, next page.

7



**Figure 8**

15.     Once the consumer inputs her personal information and clicks "Continue" on Figure 8, she is taken to another screen that requests her payment information and allows her to purchase her ticket by clicking the "Pay" button.  *See* Figure 9, next page.

8



**Figure 9**

16. Bucket Listers's purchase flow process plainly violates New York law. "Every… platform that facilitates the sale or resale of tickets shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket … prior to the ticket being selected for purchase." N.Y. Arts & Cult. Aff. Law § 25.07 (4). This process fails to do so.

### NEW YORK ARTS & CULTURAL AFFAIRS LAW

17. Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "any licensee or other ticket reseller, or platform that facilitates the sale or resale of tickets shall disclose the <u>total cost of the ticket, inclusive of all ancillary fees</u> that

9

must be paid in order to purchase the ticket, and disclose in a <u>clear and conspicuous manner</u> the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." *Id.* (emphasis added); *compare with* Figures 2, 6, 7, 8, and 9. "Such <u>disclosure of the total cost and fees</u> shall be displayed in the ticket listing <u>prior to the ticket being selected for purchase</u>." *Id.* (emphasis added); *compare with* Figures 2, 6, 7, 8, and 9. And "[t]he price of the ticket shall not increase during the purchase process." *Id.*; *compare with* Figures 2, 6, 7, 8, and 9. "Disclosures of subtotals, fees, charges, and any other component of the total price shall not be false or misleading." N.Y. Arts & Cult. Aff. Law § 25.07(5); *compare with* Figures 2, 6, 7, 8, and 9.

18. Shortly after the law was enacted, ticketing websites peppered the State of New York's Division of Licensing Services with questions about the scope of the law. As explained by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices." *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1. "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser <u>should not then have to search for the total price</u> of the ticket <u>as the purchaser proceeds through the purchasing process</u>, it should continue to be readily available to the purchaser." *Id*. at 2 (emphasis added). "In short, the ticket listing must include the total cost of the ticket, <u>with a breakdown of all service charges, fees and surcharges</u>, that the purchaser must pay just to purchase the ticket." *Id.* (emphasis added).

## **CLASS ACTION ALLEGATIONS**

19. **Nationwide Class:** Plaintiff seeks to represent a class defined as all individuals in the United States who purchased tickets to New York events from Defendant's website on or after August 29, 2022. Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

20. **New York Subclass:** Plaintiff seeks to represent a class defined as all individuals in New York who purchased tickets to New York events from Defendant's website on or after August 29, 2022. Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

21. Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Nationwide Class and New York Subclass are at least in the tens of thousands.[1] The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

22. Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members. Common legal and factual questions include, but are not

---

[1] According to the website traffic analytics company Similarweb, Defendant's website has received 1.362 million visits in the last three months, with 97.53% of the website traffic coming from the United States. *See* https://pro.similarweb.com/#/digitalsuite/websiteanalysis/overview/website-performance/*/999/3m?webSource=Total&key=bucketlisters.com. Approximately 5.69% of the United States population resides in the State of New York. Assuming New Yorkers visited Defendant's website in equal proportions to other Americans, then Defendant received over 75,584 visitors from the state of New York during the last three months alone. This is to say nothing of other Americans that live in surrounding states like New Jersey or Connecticut, who may also wish to purchase tickets to attend events in New York City or other areas in New York State.

11

limited to: (a) whether Defendant failed to disclose the total cost of tickets, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (c) whether Defendant failed to disclose its ancillary fees in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

23. The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's failure to disclose the total cost of its tickets, including Defendant's ancillary fees, throughout the online ticket purchase process.

24. Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because her interests do not conflict with the interests of the Nationwide Class and New York Subclass members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiff and her counsel.

25. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members.  Each individual Nationwide Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex

legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### New York Arts & Cultural Affairs Law § 25.07
### (On Behalf Of The Nationwide Class and New York Subclass)

26. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

27. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

28. Defendant is a "licensee or other ticket reseller, or platform that facilitates the sale or resale of tickets" to a "place of entertainment," because Defendant owns, operates, or controls the www.bucketlisters.com website, which is a place where consumers can purchase tickets to a variety of music, comedy, and other live performance events.  "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged." N.Y.  Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

29. Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to

13

purchase the ticket … <u>prior to the ticket being selected for purchase</u>", as depicted in Figures 2 through 9 of this Complaint.

30. Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during the purchase process, as depicted in Figures 2 through 9 of this Complaint.

31. On or about October 2, 2023, Plaintiff purchased three admission tickets on Defendant's website and was forced to pay Defendant's ancillary fees. Plaintiff was harmed by paying these unlawfully applied fees. Because the total cost of the tickets were not disclosed to Plaintiff at the beginning of the purchase process, the resulting fees that were applied were unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

32. Plaintiff was also harmed by not having the total cost of her tickets disclosed upfront at the start of the purchase process. By not knowing the total cost of her tickets before Plaintiff selected her tickets for purchase from Defendant, Plaintiff could not shop around for tickets from other ticket sellers like EventBrite, or Ticketmaster, just to name a few. As such, Plaintiff had no way of knowing whether she was getting the best deal her money could buy. By hiding its service charges, Defendant was able to reduce price competition and cause consumers like Plaintiff to overpay.

33. Plaintiff and Class members relied on Defendant's false and misleading representations that the cost of the tickets did not include fees in choosing to purchase their tickets.

34. At the time Plaintiff purchased her tickets, she was not aware that Defendant's service charge was unlawful under the New York Arts & Cultural Affairs Law. Plaintiff was not browsing websites in search of legal violations and, indeed, had no pre-existing relationship with

her counsel prior to purchasing her tickets. Plaintiff was instead browsing Defendant's website because she sincerely intended to purchase tickets, and she did, in fact, purchase those tickets

35. On behalf of herself and members of the Nationwide Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class and New York Subclass prays for judgment as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

Dated: November 20, 2024 **BURSOR & FISHER, P.A**.

By: <u> */s/ Philip L. Fraietta* </u>
Philip L. Fraietta

Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*pro hac vice app. forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*